UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

BRENT TATKO,

    Plaintiff,

v.                                                                                          Civil Action No.:    3:24-cv-3566-SAL

STEVEN JOHNS and
D&N TRUCKING, INC.,

    Defendants.

_____/

**PLAINTIFF'S ORIGINAL COMPLAINT**

COMES NOW, Plaintiff Brent Tatko, by and through his undersigned attorneys, and alleges as follows:

**PARTIES**

1. Plaintiff BRENT TATKO ("Plaintiff") is a resident and citizen of Florida.

2. Defendant STEVEN JOHNS ("Defendant Johns") is a resident and citizen of and can be served with process at his residence: 613 Schilling Circle NW, Forest Lake, Minnesota, 55025.

3. Defendant D&N TRUCKING, INC., ("D&N TRUCKING") is a Minnesota corporation with its headquarters located in Princeton, Minnesota, and at all times material hereto was authorized and was doing business in the state of South Carolina. Defendant may be served with process by serving its Chief Executive Officer, Jeffrey J. Nelson at 1502 S. 12th Street, Princeton, Minnesota, 55371.

**JURISDICTION & VENUE**

4. The district court has original jurisdiction of this civil action pursuant to 28 U.S.C. § 1332(a). The amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000),

exclusive of interest and costs. Plaintiff is a citizen of Florida. Defendant Johns is a citizen of Minnesota. Defendant D&N Trucking is a corporation incorporated under the laws of Minnesota, with its headquarters located in Minnesota, and is authorized and doing business in the state of South Carolina.

5.      Venue is properly before this Court under 28 USC § 1391(a) (2), because a substantial part of the events giving rise to this claim occurred in Lexington County, South Carolina.

## BACKGROUND

6.      On or about April 14, 2024, Defendant Johns was negligent in the operation of an 18-wheeler. While operating the vehicle, Defendant Johns crashed into the rear Plaintiff's vehicle. Defendant Johns was an employee of Defendant D&N Trucking and was conducting business in the state of South Carolina. The Defendants' negligence proximately caused Plaintiff's personal injuries and damages, as will be explained more thoroughly herein. Therefore, Plaintiff sues on the following grounds:

## COUNT I
(Negligence *per se* as to Defendant Johns)

7.      On or about April 14, 2024, Defendant Johns was driving a commercial vehicle (VIN 1XPBD49XXMD761670) in Swansea, South Carolina.

8.      Defendant Johns owed Plaintiff statutory duties to operate the vehicle in a reasonable and safe manner so as to not cause injury to Plaintiff.

9.      Defendant Johns breached his duty of care by negligently, carelessly and recklessly failed to stop for traffic, crashing into the rear of Plaintiff's vehicle.

10.     As a result of the crash, Plaintiff sustained physical injuries to his body.

11. Plaintiff was acting as a reasonably prudent person under the circumstances.

12. Defendant Johns failed to exercise due care to avoid crashing into Plaintiff.

13. Defendant Johns' violation of his statutory duties constitutes negligence *per se*.

14. Defendant Johns' breach of his statutory duties, as described above, is not only negligence *per se*, but is also evidence of recklessness, willfulness, and wantonness sufficient to entitle Plaintiff to both compensatory and punitive damages.

15. Defendant Johns' violations of his statutory duties caused Plaintiff's damages, including but not limited to the following:

   a. Significant past and future medical expenses;
   b. Lost income and reduced earning capacity;
   c. Emotional distress and anxiety;
   d. Loss of enjoyment of life, to the detriment of Plaintiff's physical health and mental well-being; and
   e. Other damages as will be shown in the discovery and trial of this case.

16. Because Plaintiff was injured as a direct result of Defendant Johns' violations of his statutory duties described above, Plaintiff is entitled to actual and compensatory damages for his personal injuries and property damage in the amount the jury determines at the trial of this case.

17. Defendant Johns' statutory violations demonstrate such wanton disregard for the health, rights, and safety of Plaintiff, and should thus pay punitive damages in the amount the jury determines appropriate to punish Defendant Johns for his reckless conduct, to discourage such reckless conduct in others, and to vindicate Plaintiff's private rights which Defendant Johns violated. Plaintiff also requests whatever costs, attorney fees, and interest to which this Court determines he is entitled.

## **COUNT II**
(Negligence as to Defendant Johns)

18. Plaintiff incorporates the foregoing paragraphs as if fully repeated verbatim here.

19. Defendant Johns owed Plaintiff a common-law duty to do the following:

    a. Keep a proper lookout;
    b. Maintain appropriate attention on the road while driving;
    c. Maintain his vehicle in a roadworthy manner;
    d. Yield the right of way to Plaintiff;
    e. Apply his brakes so as to timely stop his vehicle;
    f. Operate his vehicle in a safe manner and at a safe speed; and
    g. Drive in a reasonably careful manner with respect for the rights and safety of others such as Plaintiff.

20. Defendant Johns breached his duty to Plaintiff in one or more of the following ways:

    a. Failing to keep a proper lookout;
    b. Driving while distracted;
    c. Failing to slow when traffic ahead of him was slowing and stopping;
    d. Failing to apply his brakes and stop in a timely manner;
    e. Crashing into Plaintiff's vehicle;
    f. Failing to yield the right of way to Plaintiff;
    g. Operating his vehicle in an unsafe manner or at an unsafe speed, or
    h. Driving in an unreasonable and careless manner without thought for the rights and safety of others, including Plaintiff, as shall be further shown in the discovery and trial of this case.

21. Defendant Johns' breach described above was not only negligent, but also grossly negligent, careless, reckless, willful, and wanton.

22. Defendant Johns' negligent, grossly negligent, careless, reckless, willful, and wanton breach of his duty directly and proximately caused Plaintiff injuries and damages, including:

   a. Past and future medical expenses,
   b. Lost income and reduced earning capacity,
   c. Personal property damage,
   d. Pain and suffering,
   e. Emotional distress and anxiety,
   f. Loss of enjoyment of life, to the detriment of Plaintiff's physical health and mental well-being, and
   g. Other damages as will be shown in the discovery and trial of this case.

23. Because Plaintiff was injured as a direct result of Defendant Johns' acts and omissions described above, Plaintiff is entitled to actual and compensatory damages for his personal injuries and property damage in the amount the jury determines at the trial of this case.

24. Defendant Johns' acts and omissions demonstrate such want of care as to show Defendant Johns was consciously indifferent both to the consequences of his acts and omissions and to the health, safety, and rights of Plaintiff and others. Thus, in addition to Plaintiff's compensatory damages, Defendant D&N Trucking and Defendant Johns should also pay punitive damages in the amount the jury determines appropriate to punish Defendant Johns for his reckless conduct, to discourage such reckless conduct in others, and to vindicate Plaintiff's private rights which Defendant Johns violated. Plaintiff also requests whatever costs, attorney fees, and interest to which this Court determines he is entitled.

## COUNT III
(Vicarious Liability as to Defendant D&N Trucking)

31. Plaintiff incorporates the foregoing paragraphs as if fully repeated here.

32. At the time of the crash that is the subject of this lawsuit, Defendant Johns was acting in the scope of his employment on behalf of Defendant D&N Trucking.

33. Defendant D&N Trucking, thus acting through its agent, servant, and employee Defendant Johns, is vicariously liable for the negligent, careless, reckless, wanton, willful, and grossly negligent acts of Defendant Johns as set forth in the first and second causes of action.

34. Plaintiff asks this Court to enter judgment ordering Defendant D&N Trucking to pay actual, consequential, and punitive damages to Plaintiff, together with pre- and post-judgment interest and any other relief this Court deems just.

## COUNT IV
(Negligent Hiring, Training, Supervision, and Retention as to Defendant D&N Trucking)

35. Plaintiff incorporates the foregoing paragraphs as if fully repeated here.

36. Defendant D&N Trucking was negligent, careless, reckless, wanton, willful, and grossly negligent in hiring, training, supervising, or retaining Defendant Johns to operate a vehicle on Defendant D&N Trucking's behalf in one or more of the following ways:

   a. Failing to review Defendant Johns' driving history;
   b. Failing to assess Defendant Johns' driving skill;
   c. Hiring Defendant Johns' to drive on Defendant D&N Trucking's behalf despite Defendant Johns' history of unsafe driving;
   d. Failing to have policies and procedures to train or monitor Defendant Johns, or if such policies and procedures were in place, failing to enforce them;
   e. Failing to ensure Defendant Johns had proper training and experience to operate a vehicle for Defendant D&N Trucking's in a safe and effective manner; and
   f. Otherwise failing to investigate Defendant Johns' skill and history with a vehicle, train Defendant Johns in proper driving procedures, supervise Defendant Johns' driving, to release Defendant Johns from employment due

to safety issues, or otherwise act as a reasonable employer would under the same or similar circumstances.

37. Based on Defendant Johns' unsafe driving history, Defendant D&N Trucking knew or should have known that hiring, training, supervising, or retaining Defendant Johns posed a risk of foreseeable harm to third parties.

38. Plaintiff asks this Court to enter judgment ordering Defendant D&N Trucking to pay actual, consequential, and punitive damages to Plaintiff Tatko, together with pre- and post-judgment interest and any other relief this Court deems just.

**WHEREFORE**, Plaintiff requests a jury trial and asks this Court to award her actual, compensatory, and punitive damages in an amount the jury determines appropriate at trial, as well as such costs, attorney fees, and pre- and post-judgment interest as this Court determines he is entitled to, and such other relief as this Court determines is just.

**MORGAN & MORGAN P.A.**

/*s/ James G. Biggart II*
JAMES G. BIGGART II, ESQ.
SC Bar No.: 106477
4401 Belle Oaks Drive, Suite 300
North Charleston, SC 29405
Telephone: (843) 973-5186
Fax:     (843) 947-6113
jbiggart@forthepeople.com
swright@forthepeople.com
**Attorneys for the Plaintiff**

June 18, 2024
Charleston, South Carolina