**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

**COLUMBIA DIVISION**

| | | |
|---|---|---|
| **Brent Tatko,** | ) | **Civil Action No.: 3:24-cv-3566- JDA** |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | |
| | ) | **ANSWER** |
| **Steven Johns and D&N Trucking,** | ) | |
| **Inc.** | ) | |
| | ) | |
| **Defendants.** | ) | |

**COMES NOW,** the Defendants, by and through their undersigned attorneys, answering the Complaint of the Plaintiff, would allege and show unto the Court:

**FOR A FIRST DEFENSE**

1.   Each and every allegation of the Plaintiff's Complaint not specifically admitted herein is denied

2.   Lacks sufficient knowledge and information to respond to Paragraph 1 and, therefore, denies the same.

3.   Paragraphs 2 and 3 are admitted.

4.   Paragraphs 4 and 5 are legal conclusion to which no response is required. To the extent a response is required, Paragraphs 4 and 5 are denied.

5.   Paragraph 6 is denied.

6.   Paragraph 7 is admitted.

7.   Paragraph 8 is denied to the extent it conflicts with South Carolina law.

1

8.      Paragraph 9 is denied.

9.      Paragraph 10 is denied.

10.     Lacks sufficient knowledge and information to form a belief as to Paragraph 11.

11.     Paragraph 12 is denied.

12.     Paragraph 13 is a legal conclusion to which no response is required.  To the extent a response is required, Paragraph 13 is denied.

13.     Paragraph 14 is denied.

14.     Paragraph 15 is denied.

15.     Paragraph 16 is denied.

16.     Paragraph 17 is denied.

17.     Responding to Paragraph 18, Defendants reallege each preceding paragraph as if repeated herein verbatim.

18.     Paragraph 19 is denied to the extent it conflicts with South Carolina law.

19.     Paragraph 20 is denied.

20.     Paragraph 21 is denied.

21.     Paragraph 22 is denied.

22.     Paragraph 23 is denied.

23.     Paragraph 24 is denied.

24.     There are no paragraphs 25 through 30.

25.     Responding to Paragraph 31, Defendants reallege each preceding paragraph as if repeated herein verbatim.

26.     Paragraph 32 is admitted.

27.   Paragraph 33 is a legal conclusion and, therefore, no response is required.  To the extent a response is required, paragraph 33 is denied.

28.   Paragraph 34 is denied.

29.   Responding to Paragraph 35, Defendants reallege each preceding paragraph as if repeated herein verbatim.

30.   Paragraph 36 is denied.

31.   Paragraph 37 is denied.

32.   Paragraph 38 is denied.

33.   The unnumbered paragraph beginning with WHEREFORE is denied.

## FOR A SECOND DEFENSE
### (Failure to State Claim)

34.   The Defendants would show that the Plaintiff's Complaint fails to state a claim upon which relief can be granted, and, therefore should be dismissed pursuant to Rule 12(b)(6) of the South Carolina Rules of Civil Procedure.

## FOR A THIRD DEFENSE
### (Sudden Emergency)

35.   Even assuming Defendants were negligent in any respect, which is expressly denied, these Defendants would show that the Plaintiff's injuries or losses were the result of and reaction to a sudden emergency over which Defendants had no control and, therefore, Plaintiff's action is barred.

## FOR A FOURTH DEFENSE
### (Assumption of the Risk)

36.     The Defendants would show that the Plaintiff knew of the probable risk of injury or harm resulting from Plaintiff's actions, and therefore, the Defendants would plead the doctrine of assumption of the risk as a complete bar to this action.

## FOR A FIFTH  DEFENSE
### (Unavoidable Accident)

37.     The Defendants would show that such injuries or losses that the Plaintiff sustained, if any, as alleged in Plaintiff's Complaint, were not due to or caused by the negligence on the part of the Defendants, but was rather due to and caused by an unavoidable accident, thereby barring any claim whatsoever.

## FOR A SIXTH DEFENSE
### (Intervening or Superseding Negligence)

38.     The Defendants would show that such injuries or losses that Plaintiff sustained, if any, as alleged in Plaintiff's Complaint, were not due to or caused by any negligence on the part of the Defendants, but were rather due to and caused by the contributing, concurring, intervening or superseding fault, breach of warranty or act or omission of a third party, over which these Defendants had no control.

## FOR AN SEVENTH DEFENSE
### (Waiver and Estoppel)

39.     The Defendants would show that Plaintiff's Complaint is barred by the doctrine of waiver and estoppel.

## FOR AN EIGHTH DEFENSE
### (Statute of Limitations)

40.     The Defendants would show that this action is barred by the applicable Statute of Limitations.

## FOR A NINTH DEFENSE

4

**(Spoliation)**

41.    The Defendants would show that Plaintiff's Complaint is barred by the doctrine of spoliation.

## FOR A TENTH DEFENSE
**(Improper Venue)**

42.    Defendant pleads the defense of improper venue in the County of Lexington, State of South Carolina.

## FOR AN ELEVENTH DEFENSE
**(Punitive Damages)**

43.    The Defendants allege that the Plaintiff's claim for punitive damages violates both the Fourteenth Amendment to the United States Constitution and Article I, Section 3 of the South Carolina Constitution in that the jury's unfettered power to award punitive damages in any amount it chooses is wholly devoid of any meaningful standard and is inconsistent with due process guarantees.

44.    The Defendants allege that the Plaintiff's claim for punitive damages violates the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 3 of the South Carolina Constitution because, even if it could be argued the standard governing the imposition of punitive damages exists, the standard would be void due to vagueness.

45.    The Defendants allege that the Plaintiff's claim for punitive damages violates the equal protection clause of the Fourteenth Amendment to the United States Constitution and Article I, Section 3 of the South Carolina Constitution in that the amount of punitive damages is based upon the wealth of these Defendants.

5

46.    The Defendants allege that the Plaintiff's claim of punitive damages violates the doctrine of separation of powers and Article I, Section 3 of the South Carolina Constitution because punitive damages are a creation of the Judicial Branch of government which invades the province of the Legislative Branch of government.

47.    Defendants would show, upon information and belief, that the Plaintiff's claim for punitive Damages violates the Fifth, Sixth, Seventh, Eighth and Fourteenth Amendments to the Constitution of the United States of America in that it violates the double jeopardy clause in that Defendants could be subjected to multiple awards of punitive damages for the same set of facts; the self-incrimination clause is being violated because Defendants can be compelled to give testimony against itself in a penalty situation such as punitive damages; the assessment of punitive damages by a burden of proof less than beyond a reasonable doubt is violative of the Sixth and Fourteenth Amendments in that punitive damages are a fine or penalty and are, therefore, quasi-criminal in nature; Plaintiff's claim for punitive damages violates Defendants' right to access the courts as guaranteed by the Seventh and Fourteenth Amendments because the threat of an award of punitive damages chills these Defendants' exercise of that right; the Plaintiff's claim for punitive damages violates the Eighth Amendment's guarantee that excessive fines shall not be imposed; the Plaintiff's  claim for punitive damages violates both the due process and equal protection clauses of the Fourteenth Amendment in that the standard for awarding either punitive damages is unduly vague and, therefore, violates both procedural and substantive due process safeguards; therefore, the Plaintiff's claim for punitive damages should be dismissed.

48.     Defendants plead all applicable statutory caps on punitive damages, including but not limited to the caps described in S.C. Code Ann. § 15-32-530, *et seq.*, as amended.

**FOR A TWELFTH DEFENSE**
**(Improper Service)**

49.     Plaintiff's claims are barred because Defendants have not been served in accordance with the Federal Rules of Civil Procedure.

**WHEREFORE**, having fully answered, the Defendants pray that the Plaintiff's Complaint be dismissed with costs, for attorney's fees and such other and further relief this Court deems just and proper.

The Defendants demand a jury trial.

Respectfully submitted,


**SWEENY, WINGATE & BARROW, P.A.**

s/Richard E. McLawhorn, Jr.
Richard E. McLawhorn, Jr. Fed Id. No.: 11441
Madison K. Killen
1515 Lady Street
Post Office Box 12129
Columbia, South Carolina 29211
(803) 256-2233- Phone
(803) 256-9177- Fax
rem@swblaw.com
mkk@swblaw.com
**ATTORNEYS FOR DEFENDANTS**

Columbia, South Carolina
August 6, 2024

7